[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR CONTEMPT DATED AUGUST 7, 2002
The court (Gruendel, J.) dissolved the marriage of the parties on August 15, 2001. The parties entered into a separation agreement on the same day which was incorporated into the judgment. The agreement provides for the plaintiff to pay specific amounts for child support and alimony on a weekly basis, plus additional child support on April 30 of each year in accordance with a formula which is based upon the plaintiff's "net income" for the previous year. The parties have two minor children.
Based upon his calculations, the plaintiff has paid the defendant the sum of $10,474.88 as additional child support for tax year 2001, and $3,879.58 as additional alimony for 2001. The defendant has done the calculations differently. By her calculations, the defendant owed $14,152 for additional child support, and $5,241 as additional alimony. Therefore, the defendant claims that the plaintiff still owes her $3,677.12 for additional child support, and $1,361.42 for additional alimony. The parties have been unable to resolve their differences over the proper way to calculate the additional child support and alimony. The defendant has filed this motion for contempt in order to resolve this issue. It is especially important to resolve this issue because it will arise each April 30.
This issue has arisen because the language of the agreement lacks specificity. With respect to child support, the agreement provides:
"Husband shall pay guideline child support in the amount of Two Hundred Thirty Eight Dollars ($238.00) per week, based on an earning capacity of Seventy Five Thousand Dollars ($75,000) for Husband and Thirty Thousand ($30,000) for Wife.
The parties shall exchange W2's and or 1099s by February 15th and tax returns by April 20th of each year. By April 30, 2002 Husband shall pay to Wife as additional child support in a lump sum, Twenty Seven (27%) CT Page 11556 Percent of his net earnings above gross income of Seventy Five Thousand Dollars ($75,000) for 2001 decreased by Twenty Seven (27%) Percent of Wife's net earnings above Thirty Thousand Dollars ($30,000) for 2001."
The Guidelines worksheet in the file at the time of the dissolution shows gross income for the plaintiff of $75,000, gross income for the defendant of $25,000, and presumptive support of $238. The plaintiffs gross earnings for 2001 were $143,194. The parties agree that the defendant did not have gross earnings above $30,000 for 2001.
The formula contained in the agreement obviously intended to provide a method to calculate, "after the fact" the proper child support in accordance with the Guidelines. The proposal advocated by the defendant does this by making use of the definition of net income found in the Guidelines and on the Guidelines Worksheet. The proposal advocated by the plaintiff ignores the Guidelines. The court finds that the plaintiff owes the defendant the sum of $3,677.12 for child support for 2001.
Alimony is based upon 10% of "his net income above Seventy-Five Thousand Dollars $75,000 gross earned in 2001." The court finds that the defendant's analysis is applicable to alimony as well as child support. Therefore, the plaintiff owes $1,361.42 for alimony for 2001.
The plaintiff is not held in contempt of court. This is a legitimate dispute with no clear resolution. The plaintiffs actions have not been wilful. The parties will pay their own counsel fees. The plaintiff is ordered to pay $5,038.54, the total due for child support and alimony, within 60 days.
John W. Pickard, J. CT Page 11557